## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00335-DDD-KLM

WHITNEY PORTER, M.A.,

      Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY
OF COLORADO, a body corporate; and
VENKATESHWAR "VENKAT" REDDY
(in his official and individual capacities),

      Defendants.

---

## DEFENDANTS' MOTION TO DISMISS

---

Defendants the Regents of the University of Colorado and Venkateshwar Reddy move to dismiss Plaintiff's Complaint and Demand for Trial by Jury (ECF #1) under F.R.C.P. 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff has been an employee of the University of Colorado Colorado Springs (the "University") in various positions since 2007. (ECF #1, ¶ 20.) During that time, she has been promoted several times. (ECF #1, ¶¶ 21, 22, 24.) In this lawsuit, Plaintiff alleges that she was subjected to a hostile work environment in 2016-17, which caused her to leave her employment at the College of Business and take on a position at the College of Education. (ECF #1, ¶¶ 23-24, 31-33, 83-84.) She then alleges that in December 2019, more than two years after leaving her job at the College of Business, Defendant Reddy—the former Dean of the College of the Business

and current Chancellor of the Colorado Springs campus of the University—"blocked" the acceptance of her application for a Graduation and Academic Services Coordinator in the Office of the Registrar motivated by "discriminatory and retaliatory animus." (ECF #1, ¶¶ 103-106.) Plaintiff alleges that Defendant Reddy's alleged refusal to sign her offer letter was in retaliation for her HR complaints made more than two years earlier during Dr. Reddy's tenure as Dean of the College of Business. (ECF #1, ¶¶ 106-107.) She admits that the job was not filled in December 2019, but was reposted in the summer of 2020. (ECF #1, ¶ 110.)

Plaintiff then claims that in the summer of 2020, she again applied for the job at the Office of the Registrar, but was not offered the position. (ECF #1, ¶ 118.) She alleges that this failure to hire was once again due to retaliation by Dr. Reddy, but provides no facts in support of that allegation. (ECF #1, ¶ 119.)

Plaintiff filed a charge of discrimination with the EEOC on February 9, 2021 (ECF #1, ¶ 120), more than four years following the alleged hostile work environment she asserts she experienced in the College of Business, (*see* ECF #1, ¶¶ 23-24, 31-33, 83-84), and more than a year after Dr. Reddy purportedly refused to sign her offer letter for the Office of the Registrar position, (ECF #1, ¶¶ 106-107.)

Plaintiff's claims of hostile work environment based on her allegations going back to 2016-2017 and her failure to hire claim in 2019 are barred for failure to timely exhaust administrative remedies and under the applicable statutes of limitations. The remaining alleged adverse employment action—the failure to hire in the summer of 2020—fails to state a claim of discrimination or retaliation. Further, the Eleventh Amendment bars the Section 1983 claims against Dr. Reddy in his official capacity. The claims against Dr. Reddy in his individual

capacity should be dismissed based on qualified immunity because Plaintiff has failed to allege any clearly established constitutional rights.

## STANDARD OF REVIEW

Defendant's assertion of immunity under the Eleventh Amendment raises a question of the court's subject matter jurisdiction to be reviewed under F.R.C.P. 12(b)(1). *Elephant Butte Irr. Dist. of New Mexico v. Dep't of Interior*, 160 F.3d 602, 607 (10th Cir. 1998).

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To withstand such a motion, a complaint must contain enough allegations of fact to nudge the plaintiff's claims across the line from conceivable to plausible. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). General or bare assertions of discrimination and retaliation, without details, are insufficient. *Id.* at 1193. In short, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

## ARGUMENT

**I.** **Plaintiff's Title VII claims based on events alleged to have occurred prior to April 15, 2020 (300 days before her EEOC charge) are barred due to Plaintiff's failure to exhaust administrative remedies.**

To proceed on her claim under Title VII, Plaintiff must have first exhausted her administrative remedies by filing "a sufficient charge of discrimination with the EEOC." *Jones v. Needham*, 856 F.3d 1284, 1289 (10th Cir. 2017). Each discrete incident of discriminatory or

retaliatory treatment "constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210-11 (10th Cir. 2003). "[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident … permits the employer to raise an affirmative defense of failure to exhaust." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018). The affirmative defense of failure to exhaust administrative remedies is appropriate in a motion to dismiss if "the grounds for the defense appear on the face of the complaint." *Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (unpublished).

To be timely, the plaintiff must file his charge with the EEOC within 300 days of the complained-of conduct. *Lincoln*, 900 F.3d at 1181. This time period begins running "when the disputed employment practice — the demotion, transfer, firing, refusal to hire, or the like — is first announced to the plaintiff." *Almond v. Unified Sch. Dist. #501*, 665 F.3d 1174, 1177 (10th Cir. 2011). "[A]n employee who discovers, or should have discovered, the injury (the adverse employment decision) need not be aware of the unlawful discriminatory intent behind that act for the limitations clock to start ticking." *Id.*

Plaintiff's allegations of hostile work environment and discrimination she purportedly experienced at the College of Business date back to 2016-2017. (ECF #1, ¶¶ 23, 31-79.) She admits she stopped working at the College of Business in 2017. (*Id.* at ¶¶ 23, 83.) She did not file a charge with the EEOC until February 9, 2021, (*id.* at ¶ 120), and thus her claims are barred for failure to timely exhaust administrative remedies.

Likewise, Plaintiff's failure to hire claim based on alleged retaliation by Defendant Reddy in December 2019, (ECF #1, ¶¶ 103-107), is barred because of her failure to timely

exhaust administrative remedies. To be timely, she needed to file the EEOC charge no later than sometime October or November 2020 (300 days after the alleged failure to hire). She did not file until February 9, 2021. (*Id.* at ¶ 120.)

**II.    Plaintiff's claims under 42 U.S.C. § 1983 based on allegations dating more than two years prior to February 4, 2022, are barred by the statute of limitations.**

Plaintiff's third, fourth, and fifth[1] claims are based on 42 U.S.C. § 1983 alleging unspecified "deprivations" of constitutional rights (ECF #1, ¶¶ 141-155.) To the extent these claims are based on allegations of adverse employment actions prior to February 4, 2020, they are barred by the statute of limitations applicable to Section 1983 claims in Colorado. *See Ullery v. Bradley*, 949 F.3d 1282, 1287–88 (10th Cir. 2020) ("[T]he limitations period for § 1983 actions … in Colorado is two years."). A Section 1983 claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

According to Plaintiff's allegations, she was subjected to hostile work environment, discrimination, and retaliation while employed at the College of Business, from which she admits she resigned in 2017. (ECF #1, ¶¶ 23, 84.) Thus, any claims under Section 1983 based on these allegations expired in 2019 and should be dismissed.

Likewise, the statute of limitations for Plaintiff's failure to hire claim under Section 1983 based on her application for the position at the Office of the Registrar in December 2019 expired

---

[1] The fifth claim is brought against the University and "Krohnfeldt." (ECF #1, ¶¶ 151-155.) Assuming Plaintiff refers to Karey Krohnfeldt, the former director of the Office of Equity at the University of Colorado Denver and the Anschutz Medical Campus, Ms. Krohnfeldt has not been named a defendant, and there are no allegations in the Complaint that Ms. Krohnfeldt was in any way involved in this matter.

in December 2021. This case was filed on February 4, 2022. Accordingly, the Section 1983

claims based on events occurring prior to February 4, 2020, should be dismissed as untimely.

(*See* ECF #1, ¶¶ 103-107.)

### III.   Plaintiff fails to state a claim for hostile work environment or other discrimination based on her gender.

For her first claim for relief, Plaintiff alleges hostile work environment and

discrimination under Title VII based on her gender.[2] For the hostile work environment claim,

Plaintiff must allege (1) that she was discriminated against because of her gender; and (2) that

the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions

of her employment and created an abusive working environment. *See Morris v. City of Colorado*

*Springs*, 666 F.3d 654, 663 (10th Cir. 2012). "[C]onduct must be extreme to amount to a change

in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788

(1998). "Conduct that is not severe or pervasive enough to create an objectively hostile or

abusive work environment—an environment that a reasonable person would find hostile or

abusive—is beyond Title VII's purview." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

---

[2] It appears the first and second claims under Title VII are brought against both the University and Chancellor Reddy. There is no individual liability under Title VII. *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) ("personal capacity suits against individual supervisors are inappropriate under Title VII"). Further, because the University is a named defendant, the claims under Title VII against Dr. Reddy in his official capacity are superfluous and should be dismissed as well. *Lewis v. Four B Corp.*, 211 F. App'x 663, 665, n.2 (10th Cir. 2005) (unpublished) (While "supervisors may be named in their official capacity and/or as alter egos of the employer, . . . . just as a means to sue the employer, this procedural mechanism is superfluous where, as here, the employer is already subject to suit directly in its own name." (citations omitted)).

"If the nature of an employee's environment, however unpleasant, is *not due to her gender,* she has *not* been the victim of sex discrimination as a result of that environment." *Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1537 (10th Cir. 1995) (quoting *Stahl v. Sun Microsystems, Inc.*, 19 F.3d 533, 538 (10th Cir. 1994)) (emphasis the *Gross* court's).

To establish that she was subject to a hostile work environment, Plaintiff must show that "she was subjected to a 'steady barrage of opprobrious [sexual] comments.'" *See id.* at 1543 (citation omitted, alteration *Gross* court's). Plaintiff has not alleged even a single incident of "sexual comment" or any other fact demonstrating that her allegedly poor treatment at the College of Business was based on her gender. Accordingly, Plaintiff's claim of hostile work environment fails as a matter of law.

To establish discrimination in violation of Title VII, Plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination. *See Bennett v. Windstream Commc'ns, Inc*., 792 F.3d 1261, 1266 (10th Cir. 2015). As discussed above, there are no facts supporting the allegation that Plaintiff was subjected to disparate treatment based on her gender. Further, Plaintiff has not alleged any adverse employment action based on her gender. She admits she resigned from her employment at the College of Business. (ECF #1, ¶ 84.) With respect to her two failure to hire claims, they appear to be based on allegations of retaliation (which is discussed below), not discrimination based on her gender, as, once again, Plaintiff has failed to allege a single <u>fact</u> supporting the claim that she was targeted based on her gender.

**IV.    Plaintiff has failed to state a claim of retaliation under Title VII.**

To establish a prima facie case of Title VII retaliation, Plaintiff must show that (1) she engaged in protected opposition to discrimination; (2) she suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). "[A] causal connection may be established by … circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action." *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir. 2004). Even "a three-month gap between protected activity and an adverse action is too long to support an inference of causation on its own." *Bekkem v. Wilkie*, 915 F.3d 1258, 1271 (10th Cir. 2019). When the gap is longer than three months, "a plaintiff must present other evidence—more than mere speculation, conjecture, or surmise—to establish that protected activity was a but-for cause of the adverse employment action." *Petersen*, 301 F.3d at 1271.

The only protected activity Plaintiff has alleged is her complaint to the Human Resources Department in 2017. (ECF #1, ¶¶ 81-82.) Plaintiff claims that in retaliation, she was given a "below expectations" rating on her annual evaluation. (ECF #1, ¶ 96.) She further alleges that in December 2019 and again in the summer of 2020, Dr. Reddy prevented her from being hired into the Office of the Registrar in alleged retaliation for her complaint made to the Human Resources Department in 2017. (ECF #1, ¶¶ 103-107, 110-114, 119.)

As an initial matter, a negative job evaluation, without more, is not adverse employment action for the purposes of a Title VII claim. *See Rennard v. Woodworker's Supply, Inc.*, 101 F. App'x 296, 307 (10th Cir. 2004) (unpublished). Further, with respect to her failure to hire allegation in December 2019, as discussed above, that claim is barred for failure to timely

exhaust administrative remedies. Additionally, other than conclusory allegations, Plaintiff has

asserted no facts that Dr. Reddy's alleged refusal to sign her offer letter was in any way related

to her complaint to the Human Resources more than two years prior. The allegations with respect

to Plaintiff's failure to hire claim in the summer of 2020 are even thinner. Plaintiff has not

alleged that Dr. Reddy—the Chancellor of the entire Colorado Springs campus of the

University—was even aware of her application, much less that he was retaliating against her.

Accordingly, to the extent not time-barred, Plaintiff's retaliation claim fails for lack of

any factual allegations supporting even the inference of retaliation.

## V.   The Eleventh Amendment bars the Section 1983 claims against the University and damages claims against Chancellor Reddy in his official capacity.

Under the Eleventh Amendment, sovereign immunity protects states from suit in federal

court. *Levy v. Kansas Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1168 (10th Cir. 2015). As

an arm of the state of Colorado, the University is entitled to Eleventh Amendment immunity.

*Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *Robinson v. Bd. Of Regents of Univ.

of Colo.*, 390 F. Supp. 2d 1011, 1016 (D. Colo. 2005) ("It is well-settled that the University of

Colorado is considered a state entity capable of claiming Eleventh Amendment immunity.").

Plaintiff's complaint admits that the University is "an arm of the State of Colorado." (ECF #1, ¶

2.) A division of this Court, Magistrate Judge Crews, recently reaffirmed this principle in *Slover

v. Univ. of Colorado*, No. 1:21-CV-01378-SKC, 2022 WL 833364, at *2 (D. Colo. Mar. 20,

2022). *See id.* ("it is well-settled that the University is a state entity capable of claiming Eleventh

Amendment immunity").

The two exceptions to this jurisdictional bar are: (1) valid Congressional abrogation of

the Eleventh Amendment immunity; and (2) waiver. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181

(10th Cir. 2002). Neither exception applies here. First, Congress did not abrogate the states'

Eleventh Amendment immunity when it enacted Section 1983. *Quern v. Jordan*, 440 U.S. 332,

345 (1979). Second, a waiver of Eleventh Amendment immunity must be express and

unequivocal. *V-1 Oil Co. v. Utah Dept. of Pub. Safety*, 131 F.3d 1415, 1421 (10th Cir. 2002).

Colorado has not waived its Eleventh Amendment immunity against being sued under 42 U.S.C.

§ 1983 in federal court. *See Am. Tradition Inst. v. Colorado*, 876 F. Supp. 2d 1222, 1236 (D.

Colo. 2012).

Therefore, Plaintiff's third, fourth, and fifth claims under Section 1983 against the

University and Defendant Reddy in his official capacity must be dismissed for lack of

jurisdiction. *Murray v. Colorado*, 149 F. App'x 772, 774-75 (10th Cir. 2005) (unpublished)

(dismissing Section 1983 claims because "the Colorado Board of Regents is, like the state itself,

entitled to Eleventh Amendment immunity").[3]

## VI. The third claim for relief—"Due Process Deprivations" under Section 1983—should be dismissed for failure to state a claim.

A plaintiff asserting a Section 1983 claim based on violation of due process must

adequately allege a protected liberty or property right. *Al-Turki v. Tomsic*, 926 F.3d 610, 614

(10th Cir. 2019). Plaintiff has not alleged any such protected property or liberty interest. Her

third claim contains nothing more than series of legal conclusions. (ECF #1, ¶¶ 140-145.)

Indeed, it is even unclear whether Plaintiff is asserting a procedural or a substantive Due Process

claim. Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[3] Nor are the University or its officers sued in their official capacity for damages "persons" under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983[.]"); *see also id.* at 71, n.10 (excepting from its holding only claims for prospective injunctive relief against state officials sued in their official capacity).

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff's third claim for relief should be dismissed for failure to state a claim.

**VII.    The fourth claim for relief—"Equal Protection Deprivations" under Section 1983—should be dismissed for failure to state a claim.**

Plaintiff's Equal Protection Clause claim fares no better. (ECF #1, ¶¶ 146-150.) It contains nothing more than legal conclusions, which do not even recite the basic elements of an Equal Protection Claim. *See Morman v. Campbell Cty. Mem'l Hosp.*, 632 F. App'x 927, 934-35 (10th Cir. 2015) (unpublished) (To survive this motion to dismiss, Plaintiff must plead a plausible claim that "she was treated differently than similarly situated employees.").

Plaintiff has not alleged that she was treated differently than other similarly-situated employees based on her gender. That alone is fatal to her Equal Protection claim. *See Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) (The Equal Protection Clause "embodies a general rule that States must treat like cases alike but may treat unlike cases accordingly."). Accordingly, her fourth claim for relief should be dismissed for failure to state a claim.

**VIII.    The fifth claim for relief—"First Amendment Retaliation" under Section 1983—should be dismissed for failure to state a claim.**

As discussed above, note 1, it is unclear whether this claim is included in the Complaint by accident, as it names Karey Krohnfeldt as a defendant, who is not on the case caption, and there are no allegations in the Complaint involving her. (ECF #1, ¶¶ 151-155.) In any event, the fifth claim suffers the same deficiencies as the other two claims brought under Section 1983: it consists entirely of legal conclusions with no factual support.

First Amendment retaliation claims are evaluated under what's referred to as the *Garcetti/Pickering* test. *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1367 (10th Cir. 2015);

*see also Garcetti v. Ceballos*, 547 U.S. 410 (2006); *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968). The test has five elements, all of which must be satisfied to state a claim: (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct. *Nixon*, 784 F.3d at 1367 (citation omitted).

Plaintiff has pled no facts supporting any of these elements. Accordingly, the fifth claim should be dismissed for failure to state a claim.

## IX.   Claims against Defendant Reddy in his individual capacity are barred by qualified immunity.

A public official acting in her individual capacity is presumed to be immune from liability. *Schalk v. Gallemore*, 906 F.2d 491, 499 (10th Cir. 1990); *see also Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 516 (10th Cir. 1998) (A public employee is entitled to qualified immunity under "all but the most exceptional cases."). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335 (1986). Qualified immunity is immunity from suit, as well as a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine permits the resolution of claims against government officials before subjecting them "'either to the costs of trial or to the burdens of broad-reaching discovery in cases where the legal norms the officials are alleged to have violated were not clearly established at the time." *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The "central purpose" of qualified immunity is to protect officials "from undue

interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 514 (1994).

When faced with a qualified immunity defense, the burden is on the plaintiff to satisfy a two-part test. *See Tonkovich*, 159 F.3d at 516. The plaintiff must show that he or she had a constitutional right that was infringed by the defendant, and that such right was clearly established at the time of the alleged infringement. *Id*. Although the plaintiff must ultimately establish both prongs to avoid application of the doctrine, the Court has discretion to consider the prongs associated with qualified immunity in any order. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the plaintiff fails to satisfy either prong, the court must grant qualified immunity. *Grissom v. Roberts*, 902 F.3d 1162, 1167 (10th Cir. 2018).

As discussed above, Plaintiff has not stated any claims for constitutional violations, as she has not pled any deprivations of constitutionally protected interests or any disparate treatment based on her age compared to other similarly-situated individuals. Accordingly, the doctrine of qualified immunity bars her Section 1983 claims against Defendant Reddy in his individual capacity.

## **<u>CONCLUSION</u>**

Plaintiff's Title VII and Section 1983 claims based on allegations taking place in 2016-2017 and December 2019 are barred by her failure to timely exhaust administrative remedies and by the two-year statute of limitations applicable to Section 1983 claims. Further, the Section 1983 claims against the University are barred by the Eleventh Amendment. Plaintiff's claims for damages under Section 1983 against Defendant Reddy in his official capacity are also barred by the Eleventh Amendment. Separate from the question of sovereign immunity, the University and

Defendant Reddy in his official capacity are also not "persons" within the meaning of Section 1983.

Finally, Plaintiff has failed to state a claim under Title VII or under Section 1983. Accordingly, Plaintiff's claims lack any legal and factual support and should be dismissed with prejudice.

WHEREFORE, Defendants the University of Colorado and Venkateshwar Reddy respectfully request that the Court dismiss all claims against them and grant such other relief as the Court deems just.

**DATED:** April 8, 2022.

Respectfully submitted:

*s/ Hermine Kallman*

Hermine Kallman
Senior Assistant University Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
303-860-5691
Hermine.Kallman@cu.edu
*Attorney for Defendant*

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*s/ Hermine Kallman*

Hermine Kallman
Senior Assistant University Counsel

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 8, 2022, I electronically filed the foregoing with the Court's electronic filing system (CM/ECF) which will automatically cause notification to be sent to the following counsel of record:

Chet W. Kern
Katz & Kern LLP
144 East 44th Street
Suite 504
New York, NY 10017
ckern@katzandkernllp.com
*Attorney for Plaintiff*

*s/ Elisha Hernandez*
Elisha Hernandez, Litigation Legal Assistant