*Thurs 5/26*
*9.30 am*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-00335-~~MDB~~-KLM

WHITNEY PORTER, M.A.,

      Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate; and

VENKATESHWAR "VENKAT" REDDY (in his official and individual capacities),

      Defendants.

*See Pre- Scheduling Conf.*
*Order at #17.*

---

### SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND
### APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R. Civ. P. 16(b) Scheduling Conference is set for May 26, 2022, in Courtroom A 401 before Magistrate Judge Kristen L. Mix.  Plaintiff will be requesting to appear telephonically.

Counsel for Plaintiff WHITNEY PORTER is:

      Tyler M. Fiorillo, Esq.
      *Of counsel* to KATZ & KERN, LLP
      44 Cook Street
      Denver, CO 80206
      (303) 398-7000
      t.fiorillo@vbpnplaw.com

Counsel for Defendants THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate and VENKATESHWAR "VENKAT" REDDY (in his official and individual capacities):

> Hermine Kallman
> Senior Assistant University Counsel
> Special Assistant Attorney General
> University of Colorado
> Office of University Counsel
> 1800 Grant Street, Suite 700
> Denver, CO 80203
> 303-860-5691
> hermine.kallman@cu.edu

## 2.  STATEMENT OF JURISDICTION

Plaintiff Whitney Porter asserts claims against against Defendant Board under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq (1964) ("Title VII") and against Defendants under the Civil Rights Acts of 1871, 42 U.S.C. § 1983 ("1983") for discrimination on the grounds of gender, retaliation and other deleterious terms and conditions of employment. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.  Venue is proper under 28 U.S.C. § 1391(b) because the employment practices alleged to be unlawful were committed in the District of Colorado.  This lawsuit was commenced within ninety (90) days of Plaintiff's receipt of a Notice of Right to Sue, dated November 8, 2021, from the United States Equal Employment Opportunity Commission ("EEOC") with respect to Charge of Discrimination No.: 541202101034 filed therewith.

Defendants maintain that the Court does not have jurisdiction over the claims asserted under 42 U.S.C. § 1983 against Defendant the Board of Regents of the University of Colorado and against Defendant Reddy in his official capacity (to the extent Plaintiff seeks damages) because those claims are barred by the Eleventh Amendment to the U.S. Constitution.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.   **Plaintiff:**

Plaintiff Whitney Porter asserts that during her tenure at the University of Colorado ("CU"), Plaintiff was subject to employment discrimination, harassment, hostile work environment, retaliation, and adverse job actions because of her gender. After she reported these issues to CU, she was subject to retaliation, forced out of her position within CU, and prevented from obtaining a certain alternative position within CU.

b.   **Defendants:**

Plaintiff has been an employee of the University of Colorado Colorado Springs (the "University") in various positions since 2007. During that time, she has been promoted several times. In this lawsuit, the bulk of Plaintiff's allegations go back 2016-17, claiming hostile work environment at the College of Business, which allegedly caused her to leave her employment at the College of Business and take on a position at the College of Education.

She then alleges that in December 2019, more than two years after leaving her job at the College of Business, Defendant Reddy—the former Dean of the College of the Business and current Chancellor of the Colorado Springs campus of the University—"blocked" the acceptance of her application for a Graduation and Academic Services Coordinator in the Office of the Registrar motivated by "discriminatory and retaliatory animus." Plaintiff claims that Defendant Reddy's alleged refusal to sign her offer letter was in retaliation for her HR complaint made more than two years earlier during Dr. Reddy's tenure as Dean of the College of Business, although there are no allegations that Dr. Reddy was aware of her complaint to HR. She admits that the job was not filled in December 2019, but was reposted in the summer of 2020. Plaintiff claims that in

the summer of 2020, she again applied for the job at the Office of the Registrar, but was not offered the position. She alleges that this failure to hire was once again due to retaliation by Dr. Reddy, but provides no facts in support of that allegation.

Defendants assert that Plaintiff has failed to timely exhaust administrative remedies with respect to her hostile work environment, discrimination, and retaliation claims based on alleged events taking place prior to April 15, 2020 (300 days prior to her filing of the charge with the EEOC). Likewise, Plaintiff's Section 1983 claims are barred to the extent they are based on alleged events taking place more than two years prior to the filing of this lawsuit, *i.e.* prior to February 4, 2020. Thus, Plaintiff's claims of hostile work environment based on her allegations going back to 2016-2017 and her failure to hire claim in 2019 are barred for failure to timely exhaust administrative remedies and under the applicable statutes of limitations.

The remaining alleged adverse employment action—the failure to hire in the summer of 2020—fails to state a claim of discrimination or retaliation. Further, the Eleventh Amendment bars the Section 1983 claims against the Board and Dr. Reddy in his official capacity. The claims against Dr. Reddy in his individual capacity should be dismissed based on qualified immunity because Plaintiff has failed to allege deprivation of clearly established constitutional rights.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff is a resident of the State of Colorado.

2.      CU is a system of public universities in the State of Colorado consisting of four campuses: University of Colorado Boulder ("CU Boulder"), University of Colorado, Colorado

Springs ("UCCS"), University of Colorado Denver ("CU Denver"), and the Anschutz Medical

Campus ("Anschutz Medical Campus").

      3.     CU is engaged in the business of higher education and is established and

regulated by Article IX, §§ 12 and 13, Colorado Constitution and State statutory law, and C.R.S.

§§ 23-20-101, et seq.

      4.     Plaintiff filed a Charge of Discrimination with the EEOC on February 9, 2021.

      5.     Plaintiff received a Notice of Right to Sue on November 8, 2021 from the United

States Equal Employment Opportunity Commission ("EEOC") with respect to Charge of

Discrimination No.: 541202101034.

## 5. COMPUTATION OF DAMAGES

a.     Plaintiff:

      (1) Compensatory damages, including, but not limited to, those for emotional distress,

          psychological injuries, inconvenience, personal indignity, mental anguish and loss

          of enjoyment of life to be determined at trial;

      (2) Back pay and benefits;

      (3) Reinstatement to her former position, or alternatively, front pay and benefits;

      (4) Punitive damages;

      (5) Attorneys' fees, costs, and interest, including expert witness fees, as appropriate;

          and

      (6) Pre-judgment and post-judgment interest.

*[handwritten: On or before June 10, 2022, π shall file a supplement which contains a calculation of alleged back pay + front pay losses.]*

b.     Defendants:

Defendants are not seeking damages at this time, but reserve the right to seek attorneys'

fees and costs as permitted by law.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.

   May 18, 2022.

b.      Names of each participant and party he/she represented.

   Counsel for Plaintiff (Tyler Fiorillo) and counsel for Defendant (Hermine Kallman) participated in the Rule 26(f) meeting, which was held via telephone conference.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   The parties have agreed to exchange Initial Rule 26(a)(1) disclosures on or before June 17, 2022. The parties will supplement their disclosure as required by Rule 26(e).

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.
Civ. P. 26(a)(1).

   The parties have mutually agreed to delay the exchange of disclosures until June 17, 2022.

e.      Statement concerning any agreements to conduct informal discovery:

   None at this time.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

   The parties have agreed to use sequential numbering of exhibits in depositions.  The parties will mark all documents produced in discovery with Bates numbering corresponding to the producing party.  The parties have also agreed to electronic transmission of documents produced in discovery.  As the parties determine other specific discovery required they will look for ways to reduce the cost of discovery.

g.      Statement as to whether the parties anticipate that their claims or defenses will involve

6

extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

Plaintiff and Defendants believe that the claims and defenses will involve some electronically stored information or that a certain amount of disclosure and discovery will involve information or records maintained in electronic form, whether on computers, servers, cell phones, flash drives or other electronic devices. Counsel have issued litigation hold notices to their respective clients to preserve relevant electronic devices and data. The volume of ESI may not warrant use of forensic consultants or document review platforms. The parties will produce electronic data in native or other suitable format. Further, to avoid discovery disputes related to electronic discovery, the parties agree to attempt to resolve any such dispute in accordance with the U.S. District Court for the District of Colorado Guidelines Addrssing the Discovery of Electronically Stored Information and the applicable guidelines published by The Sedona Conference.

The parties agree that there shall not be any waiver of the attorney-client privilege, attorney work product, or any other privilege ("Protected Materials") should there be an inadvertent disclosure of privileged information contained in ESI produced in response to a discovery request, as provided for by Fed. R. Civ. P. 26. The parties are taking reasonable steps to protect against inadvertent disclosure of Protected Materials. Any party that discovers that it has sent or received Protected Materials shall immediately notify the opposing party so that the appropriate steps to return or destroy the Protected Materials may be taken. By operation of the parties' agreement and Court order, the parties are specifically afforded the protections of Fed. R. Evid. 502(d).

       h.    Statement summarizing the parties' discussions regarding the possibilities for promptly

settling or resolving the case.

The parties agree that any settlement discussions should be postponed until the pending motion to dismiss is decided.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.      Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None at this time.                    *10 depos per side*
                                      *25 rogs per side*

b.      Limitations which any party proposes on the length of depositions.

Each deposition shall be limited to one day of 7 hours of deposition time.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

The parties agree that requests for production  and requests for admission be limited to 25 per side and interrogatories be limited to 25 per side.

d.      Other Planning or Discovery Orders

Any disputes regarding discovery will be handled in accordance with Magistrate Judge Mix's Discovery Dispute Hearing Procedures.

### 9. CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:  June 17, 2022

b.      Discovery Cut-off:                    November 18, 2022.

c.      Dispositive Motion Deadline:  January 10, 2023.

8

        d.      Expert Witness Disclosure.

        1.      Plaintiff may call an economic and/or other damages expert(s).  Plaintiff reserves the right to supplement this disclosure.  Defendants do not currently anticipate designating expert witnesses, but will decide on an expert(s) during the course of discovery.

        2.      Limitations which the parties propose on the use or number of expert witnesses.

        Two per side.  *1 expert per side per area of subject matter expertise.*

        3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

        September 30, 2022.

        4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

        October 28, 2022.

        e.      Identification of Persons to Be Deposed:
        Plaintiff currently intends to depose:

- A Rule 30(b)(6) representative of the Defendant - 7 hours

- Venkateshwar "Venkat" Reddy (5-7 hours);

- Brandon Heinz (2-3 hours);

- Windy Adoretti (2-3 hours);

- Rashell McCann (2-3 hours);

- Defendant's expert(s);

- Other persons identified during discovery

Defendant intends to depose:

- Plaintiff;

- Other persons identified during discovery;

9

- Plaintiff's expert(s);

e.   Deadline for Interrogatories to be served:

45 days before the discovery cutoff.

f.   Deadline for Requests for Production of Documents and/or Admissions to be served:

45 days before the discovery cutoff.

## 10. DATES FOR FURTHER CONFERENCES

a.   Status conferences will be held in this case at the following dates and times:

*As needed*

b.   A final pretrial conference will be held in this case on *July 27, 2023 at 1:30 pm trial preo/jury in front* at o'clock

____ m.   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than

seven (7) days before the final pretrial conference.

*4-day jury trial : July 31, 2023 at 9:00 am*

## 11. OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None at this time.

b.   Anticipated length of trial and whether trial is to the court or jury.

The parties anticipate a four (4) day jury trial.

g.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

None.

10

Case 1:22-cv-00335-MDB   Document 27   Filed 05/26/22   USDC Colorado   Page 11 of 12

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client and all attorneys of record.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a) and Magistrate Judge Mix's Discovery Dispute Hearing Procedures.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, on May 26, 2022.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

*(counsels' respective approval on following page)*

11

APPROVED:

*s/ Chet Kern*
Chet Kern, Esq.
KATZ AND KERN, LLP
44 Cook Street
Denver, CO 80206
Tel: (303) 398-7000
E-mail: ckern@katzandkernllp.com
*Attorneys for Plaintiff*

*s/ Hermine Kallman*
Hermine Kallman, Esq.
Senior Assistant University Counsel
Special Assistant Attorney General
University of Colorado, Office of University
Counsel
1800 Grant Street, Suite 700
Denver, CO 80203
Tel: (303) 860-5691
E-mail: Hermine.Kallman@cu.edu
*Attorney for Defendants*